UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1135-WTL-MJD |
| ) | |
| KENNY GRIFFITH, et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AS TO KENNY GRIFFITH**

This cause is before the Court on the Plaintiff's motion for default judgment as to Defendant Kenny Griffith. Dkt. No. 68. Griffith has not responded, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling.

**I.    STANDARD**

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*

**II.    BACKGROUND**

In its Complaint, Malibu Media alleges that Griffith and others directly and contributorily infringed its copyrighted work when they downloaded and disseminated without authorization all or a portion of a movie owned by Malibu Media entitled "Slow Motion" (the "Work") using

1

BitTorrent, a peer-to-peer file sharing protocol. Malibu Media served Defendant Kenny Griffith with a Summons and Second Amended Complaint on January 5, 2013. Default was entered as to Griffith on April 1, 2013. By virtue of entry of default against Griffith, Malibu Media's allegations as to liability are taken as true. Malibu Media now seeks entry of default judgment.[1]

### III. DISCUSSION

#### A. Damages

Under 17 U.S.C. § 504(c)(1), a copyright owner may elect actual or statutory damages. Statutory damages range from a sum not less than $750 to not more than $30,000, as the court considers just. Here, Malibu Media seeks damages in the amount of $20,000 in statutory damages. The Court finds this amount just under the circumstances. By virtue of entry of default, it has been established as a factual matter that Griffith uploaded and downloaded all or a portion of the copyrighted work without authorization, enabling countless unknown others to obtain the work in the process. In addition, the Court finds this award just in light of Congress's recognition of the "disturbing trend" of internet piracy.

#### B. Injunctive Relief

Malibu Media also seeks the injunctive relief pursuant to 17 U.S.C. §§ 502 and 503. Under § 503(b), the Court may order the destruction of all copies made or used in violation of the copyright owner's exclusive rights. Given the nature of the infringement that occurred in this case – participating in a "swarm" and downloading and uploading copyrighted work – the Court finds this injunction particularly appropriate here.

Malibu Media also seeks the entry of an injunction under § 502(a), which section provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable

---

[1] Malibu Media has submitted an affidavit of non-military service. Dkt. No. 68-1.

to prevent or restrain infringement of a copyright." Here, Malibu Media seeks an injunction enjoining Griffith "from directly, contributorily or indirectly infringing [Malibu Media's] rights under federal or state law in the Work, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Work available for distribution to the public, except pursuant to a lawful license or with the express authority of [Malibu Media]." Malibu Media's Proposed Order at 3-4, Dkt. No. 68-2. This requested injunction is, however, simply a mandate that Griffith follow copyright laws; it is therefore unnecessary.

### C. Costs of Suit and Attorney's Fees

Pursuant to 17 U.S.C. § 505, the court in its discretion may award recovery of full costs and reasonable attorney's fees to a prevailing party. The declaration of Malibu Media's counsel provides that Malibu Media has incurred $445.00 in costs and $2,550.00 in attorney's fees.

This case was initially filed against eight defendants and, of course, the case now exists in varying postures with respect to each Defendant – some have settled, others continue to litigate. However, counsel's affidavit in support of the motion for default judgment against Griffith appears to provide the time spent litigating this case *as to all defendants*. For example, counsel spent 1.2 hours "coordinat[ing] and effect[ing] service on *each* Defendant" (emphasis added). The Court strongly doubts that assessing fees *in toto* against a single defaulting defendant is reasonable.

In addition, the Court notes that counsel spent 1.3 hours preparing motions for default judgment as to Griffith and spent the identical amount of time on the same day preparing a motion for default judgment as to a defendant in another case before this Court.[2] These motions

---

[2] *Malibu Media v. Hind*, 1:12-cv-1117-WTL-TAB, Dkt. No. 90-1.

3

are identical in all material respects. It seems likely that the 1.3 hour entry reflects the entire amount of time spent preparing these motions as to all defendants in these cases, which again suggests that it would be unreasonable to attribute all of the fees to this case and particularly this Defendant.

As a result of these ambiguities, the Court denies Malibu Media's request for costs and attorney's fees without prejudice. Following the resolution of this case against all defendants and the entry of final judgment, the Court will entertain fee motions as contemplated by Federal Rule of Civil Procedure 54(d). Counsel is strongly reminded to submit affidavits reflecting the actual time he expends on each case. *See*, *e.g.*, *Walton v. Colvin*, 2013 WL 1438103 (S.D. Ind. 2013); *Williams v. Astrue*, 2011 WL 2532905 (S.D. Ind. 2011). At that time, counsel should also propose a means of assessing costs and fees against multiple defendants, each with its own unique case trajectory.

## IV.   CONCLUSION

To the extent set forth above, the Court **GRANTS** Malibu Media's motion for default judgment. The Court finds an award of $20,000 just under the circumstances. In addition, injunctive relief is appropriate to the extent set forth above.

The issue of costs and fees will be resolved following the entry of final judgment in this case as contemplated by Rule 54(d). No final judgment shall issue at this time.

SO ORDERED:   07/29/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

4